IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*



UNITED STATES OF AMERICA

v.

JERMEY ETHAN LEE CARROLL,

Defendant.

**UNDER SEAL**

Case No. 2:26-mj-10

FILED
JAN − 7 2026
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**GOVERNMENT'S MOTION TO SEAL COMPLAINT
PURSUANT TO LOCAL RULE 49(B)**

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint, affidavit, and arrest warrant until the defendant is arrested.

**I.    REASONS FOR SEALING** (Local Rule 49(B)(1))

1.    The U.S. Naval Criminal Investigate Services is investigating a felonious assault against persons designated under Title 18 U.S.C. § 1114.

2.    Premature disclosure of the charges against the defendant would jeopardize an ongoing criminal investigation threatening our ability to locate and arrest the defendant, jeopardize the defendant's ability to cooperate in the investigation, and may lead to the destruction of evidence. Disclosure of the complaint and affidavit would provide the defendant and others with a roadmap of the ongoing criminal investigation.

**II.    REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

3.    The Court has the inherent power to seal an indictment, and complaint and affidavit in support of complaint. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975);

*United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The complaint and affidavit would need to remain sealed until the defendant is arrested.

5. Upon occurrence of arrest of the defendant, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

6. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation.

WHEREFORE, the United States respectfully requests that the complaint, affidavit, arrest warrant and this Motion to Seal and proposed Order be sealed until the arrest of the defendant.

                                               Respectfully submitted,

                                               LINDSEY HALLIGAN
                                               UNITED STATES ATTORNEY AND
                                               SPECIAL ATTORNEY

                                               TODD W. BLANCHE
                                               DEPUTY ATTORNEY GENERAL

                                               ROBERT K. MCBRIDE
                                             FIRST ASSISTANT UNITED STATES
                                             ATTORNEY

By: _____
                                             Kelly A. Cournoyer
                                             Special Assistant United States Attorney
                                             United States Attorney's Office
                                             101 W. Main Street, Suite 8000
                                             Norfolk, VA 23510
                                             (757) 441-6331 – office
                                             (757) 441-6689 – fax
                                             Email: kelly.cournoyer2@usdoj.gov