## AFFIDAVIT IN SUPPORT OF APPLICATION FOR ISSUANCE OF CRIMINAL COMPLAINT AND ARREST WARRANT

Your Affiant, Alexander Benshoff, a Special Agent with the U.S. Naval Criminal Investigative Service (NCIS), having been duly sworn, hereby depose and state:

## INTRODUCTION

1.      I am a Special Agent with NCIS assigned to the Norfolk Field Office, Norfolk, VA, National Security Directorate (NSD), wherein I am tasked with conducting counterintelligence related investigations and activities. Previously, I was assigned as a Special Agent conducting criminal investigations at NCIS Resident Agency Oceana, Virginia Beach, VA, and have been employed with NCIS since July 2023. I am authorized to conduct investigations for offenses enumerated in Title 18 United States Code (USC) and Title 10 USC, also known as the Uniform Code of Military Justice (UCMJ), which affect the Department of the War (DoW), specifically the U.S. Navy and Marine Corps. My duties include, but are not limited to, investigating crimes committed by or against Navy and Marine Corps military personnel, civilian employees, or otherwise involving Department of the Navy assets, personnel, or facilities. Further, from July 2015 to July 2023, I was employed as a sworn Police Officer with the Norfolk Police Department. During my tenure, I served as a Detective assigned within the Detective Division and Criminal Intelligence Unit for 6 years, and was a Title 19 USC cross-designated U.S. Department of Homeland Security (DHS) Homeland Security Investigations (HSI) Task Force Officer. I have received numerous hours of local, state, and federal law enforcement training, to include approximately 500 hours of instruction at the Federal Law Enforcement Training Center (FLETC) in Glynco, GA, wherein I completed blocks of instruction and labs that have enabled me to identify potential sources of electronic evidence, including but not limited to computers, cell phones, and other digital storage media and to preserve and exploit such evidence. Further, I have received training and instruction covering topics such as counterintelligence investigations and activities, counterintelligence support to research, development, and acquisitions, adult sexual assault investigations, homicide investigations, child abuse investigations, financial crime investigations, crime scene processing, evidence collection, and advanced interview and interrogation techniques. I have questioned suspects, interviewed witnesses, executed search warrants, processed crime scenes, and participated in more than 500 criminal investigations, and as a result, have gained considerable experience and knowledge as it pertains to law enforcement investigations.

2.      As a federal agent, I am authorized to investigate violations of laws of the U.S. and to execute warrants issued under the authority of the U.S.

3.      The facts in this affidavit come from information obtained from other agents and law enforcement officers, witnesses, my knowledge, training and experience, and personal observations. This affidavit is intended to show there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      This affidavit is being made in support of a criminal complaint and application for an arrest warrant for **Jermey Ethan Lee CARROLL** for violations of 18 USC §111 which prohibits assaulting, resisting, or impeding certain officers or employees, which occurred in the Eastern District of Virginia. The statute states in relevant part: whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title

while engaged in or on account of the performance of official duties shall, where the acts in violation of this section involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both. Title 18 USC §1114 designates those persons in part as any officer or employee of the U.S. or of any agency in any branch of the U.S. Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties.

## PERTINENT FEDERAL CRIMINAL STATUTES

5.      Title 18 USC 111 designates whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service, shall, where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

## BASIS FOR FACTS CONTAINED IN AFFIDAVIT

6.      Since this affidavit is being submitted only for the limited purpose of securing authorization for a criminal complaint and arrest warrant, your affiant has not included each and every fact known to the investigative team concerning this investigation. Rather, your affiant has set forth only those facts that are believed to be necessary to establish probable cause to arrest the aforementioned individuals.

7.      Your affiant has personally participated in the investigation of the offenses described in this affidavit. As a result of your affiant's participation in this investigation and a review of reports made to your affiant by other members of the investigative team, your affiant is familiar with the circumstances of this investigation. On the basis of this familiarity, and on the basis of the other information which I have reviewed and determined to be reliable, your affiant alleges the following:

## FACTS AND CIRCUMSTANCES

8.      On January 4, 2026, NCIS was notified by Master-at-Arms Second Class (MA2) Alexus WHITE, an active-duty U.S. Navy service member, who served as the Naval Medical Center Portsmouth (NMCP), VA, Base Security Department Watch Commander regarding CARROLL.

9.      MA2 WHITE advised the following, on January 3, 2026, CARROLL, a non-DoW affiliated civilian, sustained multiple gunshot wounds during an incident off-base in Portsmouth, VA, and was admitted to NMCP for critical care treatment. During the intake process information was provided that CARROLL did not have active state arrest warrants related to the incident, however a potential for future state criminal charges existed. On January 4, 2026, MA2 WHITE was notified CARROLL demanded discharge from NMCP, against medical advice, and NMCP requested Base Security Department presence in the intensive care unit (ICU) for his out-processing, because CARROLL reportedly became agitated, raised his voice, yelled obscenities, and made verbal threats to harm U.S. Navy medical personnel. MA2 WHITE contacted the

2

Portsmouth Police Department (PPD) Emergency Communications Center and was preliminarily advised CARROLL had an active state arrest warrant.

10.    Base Security Department personnel, to include MA2 WHITE and Master-at-Arms Seaman (MASN) Ethan TYLER, an active-duty U.S. Navy service member, responded to the ICU, both due to the behavior of CARROLL, as well as the state criminal charges. Upon arrival, CARROLL, clothed only in his underwear, was advised he needed to put on clothing or hospital gown as part of the discharge process and to be escorted outside of the U.S. military installation. CARROLL responded by making fists with both hands, raised them to chest level, turned his body sideways, with a leading foot towards the Base Security Department personnel. CARROLL made several statements during this time to include "close the door, I'll beat your ass right now," "you soft white boy," and "I'll take y'all down." While in the posture perceived as an "aggressive stance", CARROLL began to "foot bob" and moved towards the Base Security Department personnel. Base Security Department personnel moved to detain CARROLL, by placing their hands on his arms and wrists and attempt to place him in handcuffs, however CARROLL "flinched and pushed back" and utilized his body weight to push MASN TYLER against a nearby wall. MASN TYLER turned his body to position his duty firearm away from CARROLL's reach, at which point CARROLL wrapped his arm and forearm around the neck and throat of MASN TYLER in a described "headlock." CARROLL applied pressure to the headlock, for approximately 2-3 second, which impeded the ability of MASN TYLER to breath. MASN TYLER described the sensation that he "could hardly breath and concern[ed] he was going to pass out." MASN TYLER described his concern that if he lost consciousness, CARROLL would have accessibility to his duty firearm. Base Security Department personnel were able to disengage the headlock and forced CARROLL to the ground and applied handcuffs. Once CARROLL was detained, he uttered the statement "I should've grabbed your gun and shot you all," and additional statements which indicated he would commit suicide.

11.    Shortly thereafter, Police Officers from PPD arrived on scene to provide mutual aid to the Base Security Department. MA2 WHITE coordinated with PPD and subsequently determined CARROLL did not have active state arrest warrants.

12.    Base Security Department personnel were clothed in U.S. Navy issued Navy Working Uniform (NWU) Type III, external carrier vest with "POLICE" markings on the front and reverse, "U.S. Navy Security Forces" cloth badge, and duty belt with issued firearm and ammunition.

## CONCLUSION

13.    Based on the information contained herein, I submit that there is probable cause to believe that:
   a. Count One: On or about January 4, 2026, Jermey Ethan Lee CARROLL, did forcibly assault, resist, oppose, impede, intimidate, and interfere with an officer or employee of the U.S. or of any agency in any branch of the U.S. Government (including any member of the uniformed services) while such officer or employee was engaged in or on account of the performance of official duties, in violation of 18 USC §111.

3

14.    Accordingly, I request that a complaint and arrest warrant be issued charging Jermey Ethan Lee CARROLL with such felony offense.


FURTHER YOUR AFFIANT SAYETH NOT.

_____
Alexander Benshoff, Special Agent
U.S. Naval Criminal Investigative Service


Sworn and subscribed to before me on this _____7th_____ day of January, 2026 in Norfolk, Virginia.

_____
Hon. Robert J. Krask
United States Magistrate Judge

4